UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:

ADRIENNE BOWMAN,                              :
Individually,                                 :
                                              :
        Plaintiff,                            :
v.                                            :
                                              :
255 INVESTMENT CORP., a Florida               :
for Profit Corporation, LA FRONTERA SRS,      :
INC., d/b/a LA FRONTERA MARKET,               :
                                              :
        Defendant(s).                         :
_____ /

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, ADRIENNE BOWMAN, Individually, on her own behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiff"), hereby sues the Defendant, 255 INVESTMENT CORP., a Florida for Profit Corporation, and LA FRONTERANSRS, INC., d/b/a LA FRONTERA MARKET (sometimes referred to as "Defendant" or "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and Florida Accessibility Code ("FAC").

1.      Defendants' properties are located at 255 NE 8TH Street, Miami, Florida 33030, in the County of Miami-Dade.

1

2.      Venues are properly located in the Southern District because venues lies in the judicial district of the property *situs*. The Defendant's property is located in and does business within this judicial district.

3.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.   See also 28 U.S.C. § 2201 and § 2202.

4.      Plaintiff, ADRIENNE BOWMAN, is *sui juris*, is a resident of Broward County, and qualifies as an individual with a disability as defined by the ADA. Plaintiff is an amputee and requires the use of a wheelchair to ambulate at all times. Plaintiff also has difficulty operating mechanisms that requires tight grasping, pinching, or twisting of the wrist.

5.      Defendant, 255 INVESTMENT CORP., (hereinafter "255 Corp") own(s), lease, lease(s) to, or operate(s) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. §§ 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases (or leases to), is commonly known within the community as College Center of Homestead Shopping Plaza, (hereinafter referred to as the "commercial facility).

6.      Defendant, LA FRONTERA SRS, INC., d/b/a LA FRONTERA MARKET, (hereinafter "La Frontera") own(s), lease, lease(s) to, or operate(s) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. §§ 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases (or leases to), is commonly known within the community as La Frontera Market.

7. Upon information the Defendant, 255 Corp., is the commercial landlord and leases tenant space to the place of public accommodation La Frontera.

8. Plaintiff visited the subject commercial facility, wherein she purchased goods from Defendant, La Frontera. During her patronage Plaintiff and has actual knowledge of the architectural barriers described more fully herein at paragraph 13.

9. Plaintiff has been injured and discriminated against because her full and equal enjoyment while visiting the commercial facility and La Frontera Market was denied, hindered, and prevented by the presence of architectural barriers.

10. The Defendants have failed to implement, or choose not to implement, policies and procedures to ensure that the goods, services, and facility are readily accessible to---and usable by patrons who use a wheelchair to ambulate at all times.

11. When the Defendants have removed the architectural barriers described herein, Plaintiff will visit the subject commercial facility and place of public accommodation, not only to enjoy the goods, services, facilities, privileges, advantages and/or accommodations available to the public, *but* also to ensure the Defendants have brought the subject commercial facility and place of public accommodation into compliance with the ADA, and to ensure that others who are similarly situated and who use a wheelchair to ambulate will experience the full and equal enjoyment of the commercial facility and place of public accommodation without fear of discrimination.

12. Plaintiff, ADRIENNE BOWMAN has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to this property, as described but not necessarily limited to the allegations in paragraph 13 of this Complaint.

Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants.

13. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the property has shown that violations exist. These violations include, but are not limited to:

   a. Defendants, 255 Corp., fails to maintain its accessible features and fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by disabled persons.

**The parking lot within the commercial facility:**

   a. The Defendant, 255 Corp., fails to provide compliant accessible route connecting the parking spaces with the entrances, goods, services and facilities of the property, with improper slopes, inaccessible doorways, lack of level landings, non-compliant curb approaches, and hazardous ground surfaces that can cause the Plaintiff to tip over out of her wheelchair causing a danger to her safety.

   b. There is an insufficient number of compliant, accessible parking spaces and access aisles, with improper slopes and hazardous ground surfaces and improperly located signage.

**Architectural barriers within La Frontera Market**

   c. The Defendant, La Frontera fails to provide compliant and accessible checkout counters that are lowered to allow a disabled customer who uses a wheelchair to access; and

   d. The public restroom located within La Frontera Market contains inaccessible commodes, inaccessible doorways, inaccessible sinks, insufficient maneuvering spaces, and improperly located amenities. The pipes underneath the sink are unwrapped, and can cause disabled customers like the Plaintiff to be exposed to scrapping, cutting, or burning to the legs.

> The restroom further contains obstructions causing an insufficient amount of maneuvering space, and contains a lack of compliant grab bars.

14. The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' commercial facility and place(s) of public accommodation, in order to photograph and measure all of the discriminatory acts violating the ADA, and all of the barriers to access therein. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury, and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' commercial facility and place(s) of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

15. Based on the foregoing violations, Defendants are required to change and/or alter the subject commercial property and place of public accommodation to comply with 28 C.F.R. part 36, App. A based on its discrimination against the Plaintiff and other disabled persons within the meaning of 42 U.S.C. §12181, *et seq.*, and 28 C.F.R. §36.302, *et seq.* Removal of the architectural barriers described in paragraph 13 are readily achievable and feasible.  Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of

5

public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*.

16. Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*.

17. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without adequate remedy at law, and is suffering irreparable harm.  Plaintiff has retained the undersigned counsels and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

19. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. § 36.304(a); in the alternative, if there has been an alteration to Defendants' commercial facility and place(s) of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities,

including individuals who use wheelchairs, 28 C.F.R. § 36.402; and finally, if the Defendants' commercial facility and places of public accommodation is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. § 36.401, then the Defendants' commercial facility and places of public accommodation must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

21. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cure its violations of the ADA.

**WHEREFORE**, Plaintiff respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages

or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

  c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

  d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: November 30, 2014      Respectfully Submitted,

               By: /s/ Camilo F. Ortega
               Camilo F. Ortega, Esq.,
               (Florida Bar No: 75387)
               Of Counsel to the Law Offices of
               Thomas B. Bacon Law
               **THE LAW CENTER**
               1888 NW 7 Street
               Miami, FL 33125
               Phone: (786)-452-9709
               Fax: (305)-643-3334
               E-Mail: camilo@thomasbaconlaw.com

               By:_____
               Thomas B. Bacon
               Fla. Bar No.: 139262
               Thomas B. Bacon, P.A
               4868 S.W. 103rd Ave.
               Cooper City, Florida, 33328
               Tel: (954) 478-7811
               Fax: (954) 237-1990
               E-Mail: tbb@thomasbaconlaw.com